RCH/NJM
F.# 2019R00206

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| UNITED STATES OF AMERICA | STIPULATION & PROTECTIVE ORDER |
| -against- | 21 CR 254 (RPK) |
| HEATHER BUSCH,<br>ROBERT HASSETT and<br>ROBERT SMITH,<br><br>Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

IT IS HEREBY STIPULATED AND AGREED by the undersigned attorneys and ORDERED by the Court that a protective order be issued pursuant to Federal Rule of Criminal Procedure 16(d) ("Protective Order"), stating that:

      1.      The government will produce material to Defense Counsel (as defined below) marked with the words "PROTECTED MATERIAL," or otherwise identified in the government's sole discretion in writing as such (the "Protected Discovery"). The Protected Discovery will include:

           a.    Witness statements under 18 U.S.C. § 3500;

           b.    Information that could lead to the identification of potential witnesses, including civilian, foreign and domestic law enforcement witnesses and cooperating witnesses;

  c. Information related to ongoing investigations, including information that could identify the targets of such investigations; and

  d. Information related to sensitive law enforcement techniques.

This Protected Discovery will not be copied or disseminated to anyone other than the defendant ROBERT HASSETT (the "defendant"), Defense Counsel or Defense Counsel's Team (as defined below), and must remain in the custody of Defense Counsel or Defense Counsel's Team at all times.

  2. "Defense Counsel" is defined as an attorney who has filed a notice of appearance on behalf of the defendant and is admitted to practice in the Eastern District of New York ("EDNY"), or was admitted to the EDNY pro hac vice to represent the defendant. "Defense Counsel's Team" is defined as an attorney employed by Defense Counsel's law firm or organization who is assigned to assist in the preparation of the defense. Defense Counsel's Team also includes paralegals, investigators, translators, litigation support personnel and secretarial staff employed by Defense Counsel's law firm or organization who are assigned to assist in the preparation of the defense. Defense Counsel's Team also includes those persons who are formally engaged to assist in the preparation of the defense, including Expert Witnesses.[1]

  3. Defense Counsel shall review the terms of this Protective Order with the defendant and members of Defense Counsel's Team. Further, Defense Counsel shall have the defendant and every member of Defense Counsel's Team sign an acknowledgement form

---

[1] An "Expert Witness" is defined as a person who has been retained by Defense Counsel to offer testimony at trial pursuant to Federal Rule of Evidence 702.

provided by the government affirming that they understand the terms of the Protective Order and consequences of violating the Protective Order prior to reviewing any of the Protected Discovery. Defense Counsel shall keep an accounting of the pages of the Protected Discovery provided to members of Defense Counsel's Team.

4. When negotiating with a Prospective Expert Witness[2] in anticipation of engaging that person to assist in the preparation of the defense, Defense Counsel, or any defense investigator or paralegal who is part of Defense Counsel's Team, may show (but not provide) Protected Discovery to the Prospective Expert Witness, if it is determined that it is necessary to do so for the purpose of engaging the expert or preparing the defense of the case. Each Prospective Expert Witness to whom disclosure of Protected Discovery is made shall be provided a copy of this Protective Order by Defense Counsel and will be advised by Defense Counsel that he or she shall not further disseminate the Protected Discovery, except at the express direction of Defense Counsel and in accordance with the terms of this Protective Order. Defense Counsel shall have the Prospective Expert Witness sign an acknowledgement form provided by the government affirming that he or she understands the terms of the Protective Order and consequences of violating the Protective Order prior to reviewing any of the Protected Discovery. Defense Counsel shall keep an accounting of the pages of the Protected Discovery shown to Prospective Expert Witnesses.

5. Should Defense Counsel wish to have persons who are not part of Defense Counsel's Team, other than Prospective Expert Witnesses, view copies of the Protected

---

[2] A "Prospective Expert Witness" is defined as a person who potentially may offer expert testimony at trial or who otherwise will provide scientific, technical or other specialized knowledge to Defense Counsel that is necessary to the preparation of the defense pursuant to Federal Rule of Evidence 702. A "Prospective Expert Witness" does not include potential fact witnesses, investigators or any person who is not qualified to offer testimony regarding scientific, technical or other specialized knowledge under Rule 702.

Discovery for the purposes of assisting in the defense of this case, Defense Counsel shall submit their names to the Court for approval prior to their viewing of the Protected Discovery (collectively, "Approved Persons"). Defense Counsel shall provide the government with the name of any such person prior to its request for Court approval, and the government shall be provided the opportunity to respond to the Court prior to approval.[3] An Approved Person shall:

    a.    sign the acknowledgement form described in paragraph 3 above, prior to viewing the Protected Discovery;

    b.    view the Protected Discovery in the presence of Defense Counsel; and

    c.    not retain custody of any of the Protected Discovery.

Defense Counsel shall keep an accounting of the pages of the Protected Discovery provided to the Approved Person and ensure that all pages of the Protected Discovery remain in the custody of Defense Counsel or Defense Counsel's Team.

    6.    The defendant is prohibited from taking Protected Discovery, or copies thereof, into any jail facility, or possessing such material or copies in any such facility, except when reviewing the material in the presence of Defense Counsel or Defense Counsel's Team. Such persons may review with the defendant Protected Discovery produced by the government to Defense Counsel, but may not permit the defendant to retain such materials, or copies thereof. The defendant is further prohibited from disseminating or discussing Protected Discovery with

---

[3] In the event that disclosure of the name of an Expert Witness, a Potential Expert Witness or an Approved Person to the government would disclose defense strategy, defense counsel may request that the government designate firewall counsel, who will then receive the name from defense counsel and file any appropriate response with the Court. Firewall counsel will not disclose such names to government counsel assigned to this case, without consent from defense counsel or approval from the Court.

any individuals other than Defense Counsel, Defense Counsel's Team, Prospective Expert Witnesses and Approved Persons.

7. The provisions of this Protective Order shall not be construed as preventing disclosure of any information in the public domain (other than through a violation of the Protective Order) or information obtained independently from the sources described in Paragraph 1 above, except witness statements under § 3500, even if available in the public domain, cannot be further disseminated by Defense Counsel or Defense Counsel's Team.

8. Absent prior agreement of the government or permission from the Court, Protected Discovery shall not be included in any public filing with the Court, and instead shall be submitted under seal. This restriction does not apply to documents that are or become part of the public domain (other than through a violation of the Protective Order) or the public court record, including documents that have been received in evidence at other trials, except witness statements under § 3500, even if available in the public domain or the public court record, shall not be included in public court filings, absent prior agreement of the government or permission from the Court.

9. If the government becomes aware that the justification for designating a particular document as Protected Discovery no longer exists, the government shall advise Defense Counsel and the Court that such material is no longer subject to the Protective Order.

10. Either party to this Protective Order may petition the Court at any time for a modification of the Protective Order. Defense Counsel may petition the Court at any time to challenge the government's designation of material as Protected Discovery.

11. A copy of this Protective Order shall be kept with the Protected Discovery at all times.

12. At the conclusion of this criminal case, Defense Counsel will return the Protected Discovery to the government, except that Defense Counsel may retain one copy in Defense Counsel's file for use in potential post-trial proceedings.

Dated: Brooklyn, New York
May 14, 2021

Lisa Scolari, Esq. Jonathan Manley, Esq.
Counsel to Robert Hassett

MARK J. LESKO
Acting United States Attorney
Eastern District of New York

By: Ryan C. Harris
Ryan C. Harris
Nicholas J. Moscow
Assistant U.S. Attorneys
718-254-7000

SO ORDERED:

_____
The Honorable Rachel P. Kovner
United States District Judge